Nos. 12-35949 & 13-35040

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ROBIN FARRIS; RECALL DALE WASHAM, a Washington political committee; OLDFIELD & HELSDON, PLLC, a Washington professional limited liability company,

Plaintiffs-Appellants,

v.

AMIT RANADE, Chair; GRANT DEGGINGER, Vice-Chair; KATHY TURNER; and KATRINA ASAY, in their Official Capacities as Officers and Members of the Washington State Public Disclosure Commission; ANDREA MCNAMARA DOYLE, in her Official Capacity as Executive Director of the Washington State Public Disclosure Commission,

Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

No. C11-05431-RJB
The Honorable Robert J. Bryan, United States District Court Judge

**RESPONSE TO PLAINTIFFS-APPELLANTS' PETITION FOR REHEARING *EN BANC***

ROBERT W. FERGUSON
Attorney General
Linda A. Dalton, WSBA No. 15467
Senior Assistant Attorney General
Callie A. Castillo, WSBA No. 38214
Assistant Attorney General
PO Box 40100
Olympia, WA 98504-0100
360-664-9006

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................1

II. FACTUAL BACKGROUND..................................................................2

III. ARGUMENT ..........................................................................................3

    A. The Circuit Panel's Unpublished Memorandum Does Not
       Conflict With The Supreme Court's Decision In *Citizens United*..............4

    B. The Recall Proponents' Claim Of Confusion With The Circuit
       Panel's Memorandum Does Not Equate To A Question Of
       Exceptional Importance That Merits *En Banc* Review...............................7

IV. CONCLUSION.......................................................................................9

# TABLE OF AUTHORITIES

## Cases

*Citizens United v. Federal Elections Commission*, 558 U.S. 310 (2010) ...... 1, 5

*Colorado Right to Life Comm'n, Inc. v. Coffman*, 498 F.3d 1137 (10th Cir. 2007) ................................................................................................ 7

*Farris v. Seabrook*, 677 F.3d 858 (9th 2012) ............................................... 2, 6, 9

*United States v. Raines*, 362 U.S. 21 (1960) ...................................................... 6

*Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 450 (2008) .... 6

## Statutes

RCW 42.17A.405(3) .............................................................................................. 3

Wash. Rev. Code § 42.17A.405(3) ............................................................. passim

## Rules

Fed. Civ. R. P. 60(b)(5) or (6) ............................................................................. 9

Fed. R. App. P. 35 ................................................................................................ 3

Fed. R. App. P. 35(a) ........................................................................................... 4

# I. INTRODUCTION

The circuit panel rejected Plaintiffs-Appellants', Robin Farris, Recall Dale Washam, and Oldfield & Helsdon PLLC (collectively the "Recall Proponents"), appeal finding that they had "received all the relief to which they are entitled" when the district court granted their as-applied challenge to Wash. Rev. Code § 42.17A.405(3), Washington's statutory limit on contributions to a campaign supporting or opposing the recall of an elected official, and declined to reach their facial challenge of the same statute. Once again dissatisfied, the Recall Proponents now seek rehearing *en banc* based on their contention that the panel decision conflicts with *Citizens United v. Federal Elections Commission*, 558 U.S. 310 (2010) and creates "significant practical problems." Neither contention is true.

The Recall Proponents ask this Court to read conflict into the panel decision where none exists. Nothing in the *Citizens United* decision requires or suggests that the district court or the circuit panel reject traditional notions of judicial restraint in not reaching the Recall Proponents' facial challenge when a narrower ruling protected their same rights. And nothing in the circuit panel's unpublished memorandum creates confusion for the Recall Proponents and others who wish to contribute to recall committees in the future. For these reasons, Defendants-Appellees, members of the Public Disclosure Commission and its executive

1

director (collectively the "Commission"), respectfully request that the Recall Proponents' petition for rehearing *en banc* be denied.

## II. FACTUAL BACKGROUND

In 2011, the Recall Proponents filed a Civil Rights Complaint for Declaratory and Injunctive Relief against the Commission seeking, in relevant part, a judgment that Wash. Rev. Code § 42.17A.405(3) was unconstitutional on its face and as applied to them. ER 221. After much litigation between the parties, including an unsuccessful appeal by the Commission of the district court's preliminary injunction order (*Farris v. Seabrook*, 677 F.3d 858 (9th 2012) (*"Farris I"*)), the district court ultimately granted summary judgment to the Recall Proponents. ER 7-26.

Specifically, the district court applied this Court's analysis from *Farris I* to conclude that, while the possibility of corruption in a Washington recall campaign exists, there was no evidence of such corruption by the Recall Proponents in the Recall Dale Washam campaign. ER 24-25. Accordingly, the district court granted the Recall Proponents' requested relief of finding Wash. Rev. Code § 42.17A.405(3)'s contributions limits unconstitutional as applied to them, but declined to reach their facial challenge to the unconstitutionality of the statute as a

whole. ER 25. The district court then permanently enjoined the Commission "from enforcing RCW 42.17A.405(3) against Plaintiffs in this case only." ER 26.

Notwithstanding this favorable ruling, the Recall Proponents appealed arguing that the district court erred in declining to reach their facial challenge. ER 73-75. In an unpublished memorandum, the circuit panel again applied the *Farris I* analysis and upheld the district court's decision. Dkt. 65-1. "We agree with the district court's decision not to address the [Recall Proponents'] broader facial challenge. Given the record in this case, the [Recall Proponents] have received all the relief to which they are entitled." Dkt. 65-1 at 4. The circuit panel also construed the district court order as precluding enforcement of Wash. Rev. Code § 42.17A.405(3) against the Recall Proponents "when there is no evidence or appearance of corruption, because the provision is unconstitutional in such instances. Accordingly, the [Recall Proponents] have received all the relief to which they are entitled." Dkt. 65-1 at 5.

Again not satisfied, Recall Proponents now seek rehearing *en banc*. Dkt. No. 66-1.

### III. ARGUMENT

This case does not merit *en banc* review under the criteria set forth in Fed. R. App. P. 35. Contrary to the Recall Proponents' assertions, the circuit

3

panel's unpublished memorandum neither conflicts with the United States Supreme Court's decision in *Citizens United*, nor involves a question of exceptional importance that merits consideration by the full Circuit. Like the district court before it, the circuit panel exercised appropriate judicial restraint in not reaching the Recall Proponents' broader facial challenge to Wash. Rev. Code § 42.17A.405(3) when a narrower remedy provided the Recall Proponents with complete relief. Simply because the Recall Proponents continue to disagree with such judicial restraint does not mean that this case warrants this rare, and not favored, form of appellate review. Fed. R. App. P. 35(a).

**A.  The Circuit Panel's Unpublished Memorandum Does Not Conflict With The Supreme Court's Decision In *Citizens United*.**

Despite acknowledging that "courts should favor narrow constitutional rulings over broad ones," the Recall Proponents nonetheless claim that the circuit panel erred when it affirmed the district court's decision not to address the Recall Proponent's facial challenge. *See* Dkt. 66-1 at 5-9. Relying on the *Citizens United* decision, the Recall Proponents assert that "the panel was *obligated* to invalidate Washington's contribution limits to recall committees on its face." Dkt. No. 66-1 at 6 (emphasis added). The Recall Proponents are wrong. Nothing in *Citizens United* obligates any court to make an unnecessary, broad

pronouncement on the facial validity of a statute when a case can be fully resolved on narrower grounds. In fact, the weight of the case law suggests just the opposite.

In *Citizens United*, the Court was asked to reconsider whether federal law could prohibit corporations and unions from using their general treasury funds to make independent expenditures in political campaigns. *Citizens United*, 558 U.S. at 318. The Court held that it could not. *Id.* at 391. Specifically, the Court found that, while the government could regulate corporate speech through disclaimer and disclosure requirements, it could not suppress corporate speech altogether. *Id.* at 319. The Court thus struck the relevant statute banning corporate speech as unconstitutional on its face. *Id.* at 365.

In making its decision, the Court examined a number of narrower alternatives to striking down the statute outright, including limiting the Court's inquiry to the plaintiff's as-applied challenge. *Id.* at 328-29. Concluding that none of the "narrower arguments were sustainable under a fair reading of the statute," the Court found that it was necessary to consider the facial validity of the law. *Id.* at 333. "[G]iven all the circumstances, we cannot easily address [the First Amendment challenge to the statute as-applied to only the facts of the case] without assuming a premise – the permissibility of restricting corporate political speech – that is itself in doubt." *Id.* at 331. Thus, the Court concluded that it was

"*necessary in this case*" to invalidate the statute at issue on its face because no alternative interpretation of the statute could survive constitutional inquiry. *Id.* at 336 (emphasis added).

Here, the district court and circuit panel's decision to not reach the Recall Proponents' facial challenge to Wash. Rev. Code § 42.17A.405(3) does not conflict with *Citizens United*. As shown above, the decision in *Citizens United* involved unique circumstances whereby a narrower remedy could not provide the corporate entities with relief from an entirely unconstitutional statute. In this case, however, this Court in its first appeal decision (*Farris I*), the district court, and the circuit panel all recognized that a narrower remedy was available; therefore, none of the courts had to reach the Recall Proponents' facial challenge of the statute in order to provide them with complete relief. *See Farris I*, 677 F.3d at 867-68; Dkt No. 65-1 at 4; ER 24. Nothing in *Citizens* demands a decision on the Recall Proponents' facial challenge, and the Recall Proponents fail to point to any case law that so provides. Thus, each courts' decision here has been consistent with the long established principle that courts should not make unnecessarily broad pronouncements on constitutional issues when a case can be fully resolved on narrower grounds. *See* Dkt. No. 65-1 at 6 (citing *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 450 (2008); *United States v. Raines*, 362 U.S. 21

(1960); *Colorado Right to Life Comm'n, Inc. v. Coffman*, 498 F.3d 1137 (10th Cir. 2007)).

Contrary to the Recall Proponents' assertions, no conflict exists between the decision in *Citizens United* and the circuit panel's affirmation of the district court's decision not to reach the Recall Proponents' facial challenge. Having determined that the Recall Proponents "received all the relief to which they are entitled" when the district court held Wash. Rev. Code § 42.17A.405(3) unconstitutional as applied to them, there was no judicial need to go further and address the constitutionality of the statute on its face. Because such a determination was not in conflict with the principles in *Citizens United,* rehearing of this case *en banc* is unwarranted and the Recall Proponent's petition should be rejected.

**B.    The Recall Proponents' Claim Of Confusion With The Circuit Panel's Memorandum Does Not Equate To A Question Of Exceptional Importance That Merits *En Banc* Review.**

As a second basis for *en banc* review, the Recall Proponents claim the circuit panel decision allegedly creates ongoing problems for them and "for all speakers in Washington," and thus, presents an issue of exceptional importance. Dkt. 66-1 at 9-13. Not true.

In the case below, the district court concluded that it could not constitutionally apply the contribution limits set forth in Wash. Rev. Code

7

§ 42.17A.405(3) to the facts and circumstances of the recall election at issue, therefore, it issued an order granting the Recall Proponents' "as-applied challenge." ER 22-24. The district court also declined to reach the Recall Proponents' facial challenge, reasoning that "although Washington law is structured to prevent recall committees from coordinating expenditures with candidates, [this Court in *Farris I*] recognized that the possibility of coordination does exist." ER 24. Thus, the district court gave relief to the Recall Proponents against the unconstitutional enforcement of Wash. Rev. Code § 42.17A.405(3), but also declined the Recall Proponents' invitation to go further and strike down the statute as a whole. The circuit panel agreed, ultimately concluding that the Commission is enjoined from enforcing Wash. Rev. Code § 42.17A.405(3) against the Recall Proponents "in all similar circumstances, where there is no evidence or appearance of corruption." Dkt. No. 65-1 at 5.

The Recall Proponents now assert that this causes serious harms as they and others will have to seek an advisory opinion from the Commission or file a new lawsuit to determine the applicability of Wash. Rev. Code § 42.17A.405(3) in the future. *See* Dkt. No. 66-1 at 12. However, with respect to the Recall Proponents, no ambiguity exists because the Commission is permanently enjoined from enforcing the Wash. Rev. Code § 42.17A.405(3)'s contribution limits against the

Recall Proponents "but only in cases where there is no evidence or appearance of corruption." Dkt. No. 65-1 at 5 n. 2. In the event, however, that the Commission did obtain evidence of actual influence or corruption by the Recall Proponents, the Commission could seek relief from the district court's order under Fed. Civ. R. P. 60(b)(5) or (6) as applying the injunction in such circumstances would no longer be equitable or correct.

Furthermore, with respect to the applicability of the law to others, any future recall campaign is going to have different circumstances and players than those involved with Recall Dale Washam. And, as both the district court and this Court recognized, there may be circumstances where Wash. Rev. Code § 42.17A.405(3)'s contributions limits have valid application, *e.g.*, to prevent corruption or the appearance of corruption. *See Farris I,* 677 F.3d at 867. Thus, based on the facts and record in this case, the circuit panel properly agreed with the district court and allowed Wash. Rev. Code § 42.17A.405(3) to stand.

## IV. CONCLUSION

Simply because the Recall Proponents demand a broader constitutional pronouncement than they received from the district court and circuit panel does not mean that either court erred in exercising judicial restraint in not striking down Wash. Rev. Code § 42.17A.405(3). As shown, neither court erred in favoring a

narrow constitutional ruling that gave the Recall Proponents' relief, while saving the statute for future, legitimate application. The Recall Proponents' petition for *en banc* review should be denied.

RESPECTFULLY SUBMITTED this 3rd day of September, 2014.

ROBERT W. FERGUSON
Attorney General

/s/ Callie A. Castillo
CALLIE A. CASTILLO, WSBA No. 38214
Assistant Attorney General
LINDA A. DALTON, WSBA No. 15467
Senior Assistant Attorney General
Attorneys for Defendants-Appellees

# CERTIFICATE OF COMPLIANCE

I certify that pursuant to Fed. R. App. P. 35(e) and Ninth Circuit Rule 35-2, 35-4(a) and 40-1(a), the attached Response to Plaintiffs-Appellants' Petition for Rehearing *En Banc* is proportionately spaced, has a typeface of 14 points and contains 2,417 words.

DATED this 3rd day of September, 2014.

/s/ Callie A. Castillo
Callie A. Castillo, WSBA No. 38214
Assistant Attorney General

# CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury under the laws of the State of Washington, that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on September 3, 2014.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system. RESPECTFULLY SUBMITTED this 3rd, day of September, 2014.

/s/ Hang Nguyen-Le
HANG NGUYEN-LE, Legal Assistant