Case No. 12-35949 & 13-35040

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ROBIN FARRIS; RECALL DALE WASHAM, a Washington political committee; OLDFIELD & HELSDON, PLLC, a Washington professional limited liability company,

                 Plaintiffs-Appellants,

v.

AMIT RANADE, Chair; GRANT DEGGINER, Vice Chair; KATHY TURNER; KATRINA ASAY, in their Official Capacities as Officers and Members of the Washington State Public Disclosure Commission; ANDREA MCNAMARA DOYLE, in Her Official Capacity as Executive Director of the Washington State Public Disclosure Commission,

                 Defendants-Appellees.

On Appeal from the United States District Court
Western District of Washington at Tacoma

The Honorable Robert J. Bryan
United States District Court Judge
Case No. C11-05431-RJB

## PLAINTIFFS-APPELLANTS' MOTION FOR ATTORNEYS' FEES

INSTITUTE FOR JUSTICE
William Maurer, WSBA #25451
10500 NE 8th Street, Suite 1760
Bellevue, WA 98004
(425) 646-9300 / wmaurer@ij.org

Paul Avelar, ASBA #023078
398 S. Mill Avenue, Suite 301
Tempe, AZ 85281
(480) 557-8300 / pavelar@ij.org

OLDFIELD & HELSDON
Jeffrey P. Helsdon, WSBA #17479
1401 Regents Boulevard, Suite 102
Fircrest, WA 98466
(253) 564-9500 /
jhelsdon@tacomalawfirm.com

*Attorneys for Plaintiffs-Appellants*

Pursuant to 42 U.S.C. § 1988 and Circuit Rule 39-1.6, Plaintiffs Robin Farris, Recall Dale Washam, and Oldfield & Helsdon, PLLC (collectively "Plaintiffs") respectfully move this Court for an order granting Plaintiffs' Motion for Attorneys' Fees. Plaintiffs have prevailed on the merits of their civil rights claim and prevailed on one of the two issues in this appeal. Plaintiffs do not seek to recover fees associated with the issue on appeal on which they did not prevail. Attached to this Motion are Circuit Form 9 and supporting documentation.

## I. FACTS AND PROCEDURAL HISTORY

This is a consolidated appeal from the United States District Court for the Western District of Washington at Tacoma (Bryan, J.). Plaintiffs challenged the constitutionality of a Washington state statute, Revised Code of Washington § 42.17A.405(3), both on its face and as applied to them. The district court ruled in Plaintiffs' favor on summary judgment that the statute was unconstitutional as applied to them, while declining to consider the facial constitutionality of the statute. ER 7, 25-26; *See* Dkt. 65-1 at 4. Because Plaintiffs prevailed on the issue of the constitutionality of the Defendants' application of the state to them, they filed a motion for attorneys' fees with the district court pursuant to 42 U.S.C. § 1988(b). *See* ER 2. Defendants moved to strike the motion as untimely. ER 61. Plaintiffs responded and moved for relief for excusable neglect. ER 37. The district court granted Defendants' motion and struck Plaintiffs' motion for

1

attorneys' fees and denied Plaintiffs' motion for relief for excusable neglect. *See* ER 5; Dkt. 65-1 at 7.

Plaintiffs appealed the district court's summary judgment order, insofar as it declined to address Plaintiffs' facial challenge to Revised Code of Washington § 42.17A.405(3). ER 73; Case No. 12-35949. Plaintiffs also appealed the district court's ruling granting Defendants' motion to strike Plaintiffs' motion for attorneys' fees and denying Plaintiffs' motion for relief for excusable neglect. ER 28; Case No. 13-35040. These appeals were then consolidated. ER 27.

On July 11, 2014, a panel of this Court affirmed in part and reversed and remanded in part in a memorandum disposition. Dkt. 65-1. The Court affirmed the district court's decision to decline to address the plaintiffs' facial challenge to Revised Code of Washington § 42.17A.405(3). *Id.* at 6. The Court reversed the district court's order striking Plaintiffs' motion for attorneys' fees and ordered the district court on remand to "reevaluate the excusable neglect issue by addressing all four factors of the [*Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993),] test under our current law." *Id.* at 8. The Court further awarded costs on appeal to Plaintiff. *Id.*[1]

On July 25, 2014, Plaintiffs timely filed a petition for rehearing en banc regarding the facial constitutionality of Revised Code of Washington

---

[1] *Cf. Family PAC v. Ferguson*, 745 F.3d 1261 (9th Cir. 2014) (the term "costs" in Fed. R. App. P. 39 does not include attorneys' fees recoverable as part of costs under 42 U.S.C. § 1988 and attorneys' fees are considered separately).

§ 42.17A.405(3). Dkt. 66. After ordering the Defendants to file a response, the panel filed an amended memorandum disposition on October 2, 2014. Dkt. 77-2. The amended memorandum disposition affirmed the district court's decision to decline to address the plaintiffs' facial challenge to RCW § 42.17A.405(3). It did not change the portion of its decision reversing and remanding the district court's order granting Defendants' motion to strike and denying Plaintiffs' motion for relief for excusable neglect. *Id*. October 2, 2014, this Court also denied Appellants' petition for rehearing en banc and stated that "[n]o further petitions for rehearing will be accepted." Dkt. 77-1. This timely motion for attorneys' fees now follows. Circuit Rule 39-1.6 (motion due 14 days following disposition of petition for rehearing).

## II. ARGUMENT

Plaintiffs, who prevailed on the merits of their civil rights claim, seek attorneys' fees for the time spent litigating the successful appeal of the district court's order granting Defendants' motion to strike their request for attorneys' fees. Plaintiffs do not seek attorneys' fees for the time spent litigating the unsuccessful effort to receive facial relief. Plaintiffs have separately filed their bill of costs. Dkt. 67.

3

**A. Plaintiffs Are Entitled to Fees and Costs as the Prevailing Party**

Pursuant to 42 U.S.C. § 1988 ("section 1988"), "[i]n any action or proceeding to enforce a provision of section[] … 1983[,] … the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fees as part of the costs …." The purpose of section 1988 is to ensure effective access to the judicial process for persons with civil rights grievances and, therefore, a prevailing plaintiff should ordinarily recover attorneys' fees unless special circumstances would render such an award unjust. *Hensley v. Eckerhart,* 461 U.S. 424, 429 (1983).

Here, Plaintiffs are legally entitled to fees as to the appeal of the order granting Defendants' motion to strike and denying Plaintiffs' motion for relief for excusable neglect because they are the prevailing party both as to the merits of their civil rights claim and also as to the issue on appeal. "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Id.* at 433 (internal quotation marks omitted). Plaintiffs are a prevailing party because they have won as-applied relief against the unconstitutional RCW § 42.17A.405(3). *See* Dkt. 77-2 at 4-7. Time spent in establishing the entitlement to and amount of attorneys' fees is compensable in a fee award. *In re Nucorp Energy, Inc.*, 764 F.2d 655, 659-60 (9th Cir. 1985)

(collecting cases). This Court has reversed and remanded the district court's striking of Plaintiffs' motion for attorneys' fees. *See* Dkt. 77-2 at 7 (the district court "erred in analyzing whether the plaintiffs' error was the result of excusable neglect and they were entitled to an extension of the deadline" (citing Fed. R. Civ. P. 6(b)(1))). Because Plaintiffs here have won on the merits of their civil rights claim and won the reversal of the striking of their motion for attorneys' fees, they are a "prevailing party." *See Buckhannon Board & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources,* 532 U.S. 598, 603 (2001) (defining "prevailing party").

To determine whether a motion for attorneys' fees should be granted, this Court examines (1) whether awarding fees would further the Congressional purpose of section 1988, and (2) the balance of equities. *Cunningham v. Cnty. of Los Angeles,* 879 F.2d 481, 490-91 (9th Cir. 1988) (as amended). The Congressional purpose in providing attorneys' fees in civil rights claims is to eliminate financial barriers to the vindication of constitutional rights and to stimulate voluntary compliance with the law. *Seattle School Dist. No. 1 v. Washington,* 633 F.2d 1338, 1348 (9th Cir. 1980). Plaintiffs are a citizen seeking to effect political change, a small law firm seeking to provide her with pro bono assistance, and a committee seeking to recall a public official charged with misfeasance and malfeasance. They have vindicated their rights to free speech and

sought fees. This suit thus fits well within the Congressional purpose of the statute. The motion for fees was then denied when the district court applied case law overruled nearly a decade before. Dkt. 77-2 at 7-8. Accordingly, the equities favor granting Plaintiffs' requested fees and costs as Plaintiffs successfully challenged the basis for the district court's grant of Defendants' motion to strike and its denial of Plaintiffs' motion for relief for excusable neglect.

For these reasons, Plaintiffs are legally entitled to fees and costs.

**B. Calculation of the Fee Amount**

In the Ninth Circuit, the customary method of determining the permissible amount of attorneys' fees recoverable under section 1988 is the "lodestar" method. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996), *amended by* 108 F.3d 981 (9th Cir. 1997). The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *McGrath v. Cnty. of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995). After making that computation, this Court then assesses whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of certain factors[2] that are

---

[2] The twelve factors bearing on the reasonableness of the lodestar figure are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

6

not already subsumed in the initial lodestar calculation. *Id*. Only in rare instances should the lodestar figure be adjusted on the basis of other considerations, as this figure presumptively provides the accurate measure of reasonable fees. *Cunningham,* 879 F.2d at 484, 488. Furthermore, this Court has observed that under the lodestar approach, many of the *Kerr* factors have been subsumed as a matter of law.[3] *Morales*, 96 F.3d at 364.

### 1. Calculation of Counsels' Rates

The first step in calculating the lodestar for this Court is to determine a "reasonable rate" for the work done by Plaintiffs' counsel. Generally, a "reasonable rate" for section 1988 is guided by the prevailing rate charged by lawyers of comparable experience, skill, and reputation, for similar services performed in the relevant community (here, the metro-Seattle area). *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262-63 (9th Cir. 1987). The prevailing market rate should be used as the touchstone for the "reasonable rate" determination, even if the rate charged was less than that amount. *Blum v. Stenson,* 465 U.S. 886, 895 (1984) (determining that the statute and legislative history of § 1988 establishes that fee awards "are to be calculated according to the prevailing market rates in the

---

*Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 70 (9th Cir. 1975).

[3] Among the subsumed factors taken into account in the lodestar calculation are: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation . . . (4) the results obtained, . . . and (5) the contingent nature of the fee agreement." *Morales*, 96 F.3d at 364 n.9 (internal citations and quotation marks omitted).

relevant community, regardless of whether plaintiff is represented by private or non-profit counsel"); *see also Corder v. Gates*, 947 F.2d 374, 378 n.3 (9th Cir. 1991) (noting that an award of reasonable attorneys' fees may be made to a prevailing plaintiff notwithstanding the fact that the plaintiff's attorney agreed to accept a smaller fee, or even no fee at all).

The initial burden of showing the reasonableness of a requested hourly rate is upon the party seeking the fee, who may rely on testimony comparing the requested rate with rates charged by lawyers of similar skill, reputation, and experience in similar matters. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum*, 465 U.S. at 896 n.11). Based on the experience, skill and reputation of Plaintiffs' counsel, the Institute for Justice has determined that the reasonable hourly rate for each of Plaintiffs' counsel is as follows: Mr. William Maurer (for 2013-14), $550; Ms. Jeanette Petersen (for 2013), $400; and Mr. Paul Avelar (for 2013-14), $375.

The Institute for Justice determines the hourly rate for its attorneys' services by reference to the rates prevailing in the relevant legal community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *See Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010). The National Law Journal 2013 Billing Survey included two Seattle law firms in the survey: Lane Powell and Perkins Coie (a true and correct copy of the relevant

8

excerpts of the survey results is attached as an exhibit to the declaration of Paul V. Avelar). The survey results for partner and associate billing rates at those firms is as follows:

| Firm Name | Partner billing rate - High | Partner billing rate - Low | Partner billing rate – Avg. | Associate billing rate - High | Associate billing rate - Low | Associate billing rate – Avg. |
|---|---|---|---|---|---|---|
| Lane Powell | $465.00 | $365.00 | $430.00 | $330.00 | $225.00 | $265.00 |
| Perkins Coie | $940.00 | $320.00 | $600.00 | $595.00 | $215.00 | $405.00 |

**2. Adjustment to Hours Charged**

Following determination of a reasonable rate for counsel, this Court next reviews the requested number of hours. "In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). Hours eligible for attorneys' fees are those reasonably spent on the litigation and not considered excessive, duplicative, or inadequately documented. *Hensley,* 461 U.S. at 432-34. Where a party has succeeded on less than all of its claims, is must exclude from its fee request hours devoted exclusively to its unrelated, unsuccessful claims. *See generally*, *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 903-04 (9th Cir. 1995). It can do this by calculating the percentage of space in its pleadings or briefing devoted to that claim; this is a methodology "consistent with Ninth Circuit case law." *Family PAC v. Ferguson*,

9

564 Fed. App'x 341, 341-42 (9th Cir. Mar. 19, 2014) (citing *Schwarz*, 73 F.3d at 905).

To prove the reasonableness of hours, the prevailing party must provide this Court with evidence sufficient for the Court to determine what hours are recoverable. *See Hensley*, 461 U.S. at 437. Contemporaneous time records may be submitted to document the number of hours expended on the litigation. *See Chalmers*, 796 F.2d at 1209. This Court has clearly established that an award of attorneys' fees may be based on the affidavits of counsel, so long as they are "sufficiently detailed to enable the court to consider all the factors necessary in setting the fees." *Williams v. Alioto*, 625 F.2d 845, 849 (9th Cir. 1980) (per curiam); *see also Sablan v. Dep't of Fin. of N. Mariana Islands,* 856 F.2d 1317, 1322 (9th Cir. 1988) (finding affidavit of counsel "sufficiently detailed to provide an adequate basis for calculating an award").

Attached to this Motion are declarations from Plaintiffs' counsel. Attached to these declarations are spreadsheets documenting contemporaneous time entries for work billed to this matter (the "billing spreadsheets"). The billing spreadsheets detail with specificity both the number of hours expended on the litigation and the work completed during those hours. As reflected in the billing spreadsheets, Mr. Maurer billed 37.46 hours, Ms. Petersen billed 25.5 hours, and Mr. Avelar billed 11.18 hours for litigating the fees issue in this case. In the exercise of billing

judgment, Plaintiffs seek recovery of only those fees indicated on the billing spreadsheets. *See Hensley,* 461 U.S. at 434 (exercise of billing judgment an important component in determining hours properly billed to one's adversary pursuant to statutory authority). In addition, Plaintiffs' counsels' declarations to the Court also set forth their experience and background, billing rates, and general manner of notation on the time records.

The hours expended on behalf of the appeal as to fees are of a reasonable amount and should be approved by this Court.

### C. The Lodestar Should Not Be Adjusted

Once this Court calculates the lodestar, it must then consider the lodestar's fairness and adjust the lodestar, if necessary, utilizing the remaining *Kerr* factors. *McGrath*, 67 F.3d at 252. As previously noted, however, the lodestar is presumptively reasonable and this Court should modify it only in exceptional circumstances. *See Cunningham,* 879 F.2d at 488. Because most of the *Kerr* factors are reflected in the lodestar amount, they should not be used to adjust the lodestar upward or downward. *Morales*, 96 F.3d at 364. Plaintiffs do not request any enhancement of the lodestar amount based on the remaining *Kerr* factors.

## III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court award Plaintiffs $34,995.50 in attorneys' fees pursuant to its authority under 42 U.S.C. § 1988 and Circuit Rule 39-1.6.

RESPECTFULLY SUBMITTED THIS 16th DAY OF OCTOBER, 2014.

**INSTITUTE FOR JUSTICE**
Washington Office

s/ William R. Maurer
William R. Maurer (WSBA No. 25451)
10500 NE 8th Street, Suite 1760
Bellevue, Washington 98004
Phone: (425) 646-9300
Fax: (425) 990-6500
E-mail: wmaurer@ij.org

**INSTITUTE FOR JUSTICE**
Arizona Office
Paul V. Avelar (AZ Bar No. 023078)
398 S Mill Avenue, Suite 301
Tempe, Arizona 85281
Phone: (480) 557-8300
Fax: (480) 557-8305
E-mail: pavelar@ij.org

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on October 16, 2014, I caused the foregoing Plaintiffs-Appellants' Motion for Attorneys' Fees to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

The following participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system:

Linda Dalton, WSBA No. 15467
Senior Assistant Attorney General
Callie A. Castillo, WSBA No. 38214
Assistant Attorney General
1125 Washington Street SE
P.O. Box 40100
Olympia, WA 98504-0100
Telephone: 360-753-0543

/s/ William R. Maurer

William R. Maurer

WSBA No. 25451